1  SHANNON LISS-RIORDAN (SBN 310719)
   sliss@llrlaw.com
2  LICHTEN & LISS-RIORDAN, P.C.
   729 Boylston Street, Suite 2000
3  Boston, MA 02116
   (617) 994-5800
4
   MICHAEL L. FREEDMAN (SBN 262850)
5  mfreedman@llrlaw.com
   LICHTEN & LISS-RIORDAN, P.C.
6  466 Geary St., Suite 201
   San Francisco, CA 94102
7  (415) 630-2651

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELANA PERA and SARAH MURPHY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>S.A.W. ENTERTAINMENT LTD., d/b/a CONDOR GENTLEMEN'S CLUB<br><br>Defendant | Case No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

## I. INTRODUCTION

1. Plaintiffs Elana Pera and Sarah Murphy brings this suit as a class and collective action on behalf of other similarly situated aggrieved employees of S.A.W. Entertainment Ltd. d/b/a Condor Gentlemen's Club ("Condor Club" or the "Club") who have worked as exotic dancers for the Condor Club during the relevant statutory period. The Club has misclassified Plaintiffs and other similarly situated exotic dancers as independent contractors and, in so doing, has violated various provisions of California and federal law, including: (1) Cal. Lab. Code §§ 1197 and 1194 for failing to pay minimum wage; (2) the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for failing to pay minimum wage; (3) Cal. Lab. Code § 226(a) for failing to provide itemized wage statements; (4) the Unfair Competition Law, Cal. Bus. & Profs. Code §§ 17200, et seq.; (5) Cal. Lab. Code § 2802 by requiring dancers to pay various expenses that should have been borne by the employer; (6) Cal. Lab. Code § 351 (enforceable through Cal. Bus. & Prof. Code § 17200) by failing to allow dancers to retain all gratuities paid by customers; and San Francisco Administrative Code Chapter 12R for failing to pay minimum wage.

## II. PARTIES

2. Plaintiff Elana Pera is an adult resident of Richmond, California. She worked as a dancer at the Club from approximately August 2013 to June 2016.

3. Plaintiff Sarah Murphy is an adult resident of Oakland, California. She worked as a dancer at the Club from approximately October 2013 to February 2015.

4. Plaintiffs bring this case as a Rule 23 class action on behalf of all exotic dancers who have worked at the Club within the last four years and as an FLSA collective action on behalf of all exotic dancers who have worked at the Club within the last three years who may choose to opt in to this action.

5. Defendant S.A.W. Entertainment, Ltd. is a California corporation, with its principal place of business in San Francisco, California, which operates the Condor Gentlemen's Club located at 560 Broadway Street in San Francisco, California.

## III. JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

7.     Venue is proper in this Court because Plaintiffs and other members of the class were employed by Defendant in San Francisco, California.

## IV.     STATEMENT OF FACTS

8.     The Club is an adult entertainment club located in San Francisco.

9.     The Club advertises itself on its website as "San Francisco's Original Gentlemen's Club since 1964."

10.    The Club classifies all exotic dancers who perform at the Club as independent contractors, when in reality they are employees of Defendant.

11.    Defendant has exercised extensive control over the manner in which its exotic dancers, including Plaintiffs, perform their jobs and conduct themselves while on Defendant's premises, including how much dancers can receive for private dances and sessions and how dancers can interact with customers. For example, Defendant has required Plaintiffs and other dancers to work at least three days per week and Defendant has imposed fines and other penalties for dancers who miss or are late for their scheduled shifts. Defendant also requires all dancers to work from when they arrive at the Club until the Club closes at 2:00 AM.

12.    In addition, Defendant is in the business of providing adult entertainment to its patrons. The dancers perform services in the usual course of the Defendant's business, and without the dancers, Defendant would have no business.

13.    For example, the Club maintains a website on which it provides photographs and other information regarding the dancers who perform at the Club (including advertising the specific dates when dancers are working) and advertises special events.

14.    Exotic dancers who have worked for Defendant have not received any wages from Defendant.

15.    Instead, any compensation the dancers have received has come directly from patrons in the form of gratuities or tips.

16.    Out of these gratuities or tips, the dancers have been required to pay a portion

(20%-50%) back to Defendant, as well as share their tips with other employees who are not eligible to share in tips, including managers and non-service employees (such as "house moms," VIP hosts, and bouncers).

17. Even if these payments from patrons were deemed to be the dancers' "wages", the dancers have not been permitted to retain the full amount of these wages, since Defendant has subtracted various fines, charges, and fees from these amounts (as well as requiring the dancers to share them with other employees).

18. Based on their misclassification as independent contractors, Plaintiffs and other dancers have been required to bear expenses of their employment, including expenses for wardrobe that meets Defendant's requirements. California law requires employers to reimburse employees for such expenses, which are for the benefit of the employer and are necessary for the employees to perform their jobs.

19. Defendant have failed to provide Plaintiffs and other dancers with itemized wage statements showing the dancers' hours worked, total wages earned, all deductions from wages, and all other information required by Cal. Lab. Code § 226(a).

## V. CLASS AND COLLECTIVE ACTION ALLEGATIONS

20. Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of all other dancers who have performed at the Club and who have been designated as "independent contractors" during the past four years.

21. Plaintiffs and other class members have uniformly been misclassified as independent contractors.

22. The members of the class or classes are so numerous that joinder of all class members is impracticable.

23. Common questions of law and fact exist as to members of the class who have been misclassified as independent contractors. Among the questions of law and fact that are common to these drivers are:

    a. Whether class members have been required to follow uniform procedures and policies regarding their work for the Club;

  b. Whether the work performed by class members— nude or semi-nude dancing — is within the Club's usual course of business, and whether such service is fully integrated into its businesses;

  c. Whether these class members have been required to bear the expenses of their employment, such as expenses for their wardrobe, and other expenses.

  d. Whether class members were entitled to receive an hourly rate of the applicable California minimum wage for all hours worked at the Club.

24. The named Plaintiffs are members of the class or classes described above, who suffered damages as a result of Defendant's conduct and actions alleged herein.

25. The named Plaintiffs' claims are typical of the claims of the class or classes described above, and the named Plaintiffs have the same interests as the other members of the class.

26. The named Plaintiffs will fairly and adequately represent and protect the interests of the class members. The named Plaintiffs have retained able counsel experienced in class action litigation. The interests of the named Plaintiffs are coincident with, and not antagonistic to, the interests of the other class members.

27. The questions of law and fact common to the members of the class or classes predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. Prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

29. Plaintiffs also bring this case as a collective action under 29 U.S.C. § 216(b) on behalf of any dancers who have worked at the Club within the last three years who may choose to "opt in" to this case.

30. Plaintiffs are similarly situated to all other dancers who worked at the Club, and there is a group of similarly situated employees who were subject to Defendant's common policies and who are entitled to notice of this action under 29 U.S.C. § 216(b).

## COUNT I

### Violation of Cal. Lab. Code §§ 1197 and 1194

31. Defendant's conduct, as set forth above, in failing to pay their dancers minimum wage for all hours worked as required by California law, violates Cal. Lab. Code §§ 1197 and 1194. This claim is brought on behalf of a class of similarly situated individuals who worked for Defendant.

## COUNT II

### Violation of 29 U.S.C. § 206(a)(1)(C)

32. Plaintiffs and other dancers who worked for Defendant were employees of Defendant for purposes of the Fair Labor Standards Act. However, Defendant has failed to pay the dancers an hourly rate of at least the federal minimum wage of $7.25 per hour. Defendant has thus violated the FLSA, 29 U.S.C. § 206(a)(1)(C), and has done so willfully, intentionally, and in bad faith.

## COUNT III

### Violation of Cal. Lab. Code § 226(a)

33. Defendant's conduct, as set forth above, in failing to provide itemized wage statements, as required by California state law, violates Cal. Lab. Code § 226(a). This claim is brought on behalf of a class of all dancers who have worked for Defendant during the relevant time period.

## COUNT IV

### Violation of Cal. Bus. & Prof. Code § 17200 *et seq*.

34. Defendant's conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"). Defendant's conduct constitutes unlawful business acts or practices, in that Defendant has violated California Labor Code §§ 210, 226, 1194, 1197, and 2802. As a result of Defendant's unlawful conduct, Plaintiffs and class members suffered injury in fact and lost money and property, including, but not limited to unpaid wages, unpaid minimum wages, and business expenses that dancers were required to pay. Pursuant to California Business and Professions Code § 17203, Plaintiffs and class members seek to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs and class members who worked for Defendant in California are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

## COUNT V

### Violation of Cal. Lab. Code § 2802

35. Defendant's conduct, as set forth above, in misclassifying their dancers as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, including requiring them to pay fees in order to work for which they are not reimbursed, constitutes a violation of California Labor Code Section 2802. This claim is brought on behalf of a class of similarly situated individuals who have worked for Defendant during the relevant statutory period.

## COUNT VI

### Violation of Cal. Lab. Code § 351

### (Enforceable Through Cal. Bus. & Prof. Code § 17200 *et seq*.)

36. Defendant's conduct, as set forth above, in failing to permit dancers to retain all gratuities, including dance fees, paid by customers, constitutes a violation of California Labor Code § 351. This violation is enforceable pursuant to the UCL, Cal. Bus. & Prof. Code § 17200 *et seq*. Defendant's conduct constitutes unlawful, unfair, or fraudulent acts or practices, in that Defendant has violated California Labor Code §351 in not permitting dancers to retain all

gratuities paid by customers to dancers. As a result of Defendant's conduct, Plaintiffs and class members suffered injury in fact and lost money and property, including the loss of gratuities to which they were entitled. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiffs and class members seek declaratory and injunctive relief for Defendant's unlawful, unfair, and fraudulent conduct and to recover restitution.

## COUNT VII

### Violation of San Francisco Administrative Code Chapter 12R

37. Defendant's conduct, as set forth above, in failing to pay their dancers minimum wage for all hours worked as required by the San Francisco Administrative Code, violates San Francisco Administrative Code Chapter 12R. This claim is brought on behalf of a class of similarly situated individuals who worked for Defendant.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and the members of the putative class, pray for relief as follows:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23;
b. Issuance of notice allowing similarly situated individuals to opt in to this case pursuant to the Fair Labor Standards Act, 28 U.S.C. § 216(b);
c. Designation of Plaintiffs as representatives of the putative class and collective action;
d. Designation of Plaintiffs' Counsel as Class Counsel for the putative class and collective action;
e. Damages for failure to pay minimum wage pursuant to federal and California law;
f. Restitution pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.*;
g. Liquidated damages pursuant to federal law;

//
//
//
//

     h.     Pre-judgment and post-judgment interest; and

     i.     Attorneys' fees and costs.

Dated: January 11, 2017

Respectfully submitted,

ELANA PERA and SARAH MURPHY, individually and on behalf of all others similarly situated,

By their attorneys,

__/s/ Shannon Liss-Riordan_____
SHANNON LISS-RIORDAN (State Bar No. 310719)
sliss@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800

MICHAEL L. FREEDMAN (State Bar No. 262850)
mfreedman@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
466 Geary St., Suite 201
San Francisco, CA 94102
(415) 630-2651